UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| U.S. BANK EQUIPMENT FINANCE, ) | |
| a division of U.S. Bank National Association, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ESCORT REAL ESTATE AND ) | |
| MANAGEMENT CO., ABDIEL MUNOZ a/k/a ) | |
| ALEX MUNOZ, and SARAI DAVIS a/k/a ) | |
| SARAI MOREJON, ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT

NOW COMES Plaintiff U.S. Bank Equipment Finance, a division of U.S. Bank National Association ("U.S. Bank"), by and through counsel, and for its Verified Complaint against ESCORT REAL ESTATE AND MANAGEMENT CO. ("Escort Management"), ABDIEL MUNOZ a/k/a ALEX MUNOZ ("Munoz") and SARAI DAVIS a/k/a SARAI MOREJON ("Davis"), states as follows:

## PARTIES

1. U.S. Bank is a national bank organized under the laws of the United States. U.S. Bank maintains its charter in the State of Ohio and its main office is located in Cincinnati, Ohio.

2. Escort Management is a Florida corporation with its principal place of business located at 4600 Touchton Road East, Building 100, Suite 150, Jacksonville, Florida 32246.

3. Munoz is a citizen of the State of Florida who maintains his domicile at 2129 NW 103rd Street, Miami, Florida.  When the contract at issue in this litigation (the "Agreement" as defined below) was executed by Escort Management, Munoz was a corporate officer of Escort Management.

4.   Davis is a citizen of the State of Florida who maintains her domicile at 1301 SW 142 Ave, H111 Pembroke Pines, FL 33027.  When the contract at issue in this litigation (the "Agreement" as defined below) was executed by Escort Management, Davis was a corporate officer of Escort Management.  Davis controls the day-to-day operations of Escort Management.

## JURISDICTION AND VENUE

5.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to U.S. Bank's claims occurred in this judicial district, and because Escort Management maintains its principal place of business in this judicial district.

## BACKGROUND

7.   On or about September 3, 2021, U.S. Bank, as lender, and Escort Management, as borrower, entered into Equipment Finance Agreement No. XXX8024 (the "Agreement"), wherein U.S. Bank agreed to finance Escort Management's acquisition of one (1) 2018 INTL LT625 Truck, VIN No.: 3HSDZAPR7JN205090 (the "Truck") from a truck dealer, Tom Nehl Jacksonville, Inc. (the "Supplier").  A true and correct copy of the Agreement is attached hereto as Exhibit 1.

8.   To induce U.S. Bank to enter into the Agreement, Abdiel Munoz executed a personal guaranty (the "Guaranty") (together with the Agreement the "Contracts") under which Munoz personally guaranteed the full and prompt payment and performance of all of Escort Management's obligations under the Agreement. A true and correct copy of the Guaranty is attached hereto as Exhibit 2.

9.  On or about September 3, 2021, Escort Management took possession of the Truck, and from September 3, 2021 to the present, Escort Management has used the Truck to generate revenue for itself.

10. In December 2021, Escort Management submitted two monthly payments to U.S. Bank which were returned for insufficient funds in Escort Management's account.  In January 2022, Escort Management made a payment to U.S. Bank.

11. Munoz alleges that his signatures on the Agreement and Guaranty were forged and/or unauthorized. Munoz alleges that Davis placed his signatures on the Agreement and the guaranty.

12. Davis, the President of Escort Management, alleges Munoz was a corporate officer of Escort Management and her former business partner, and that Munoz did in fact sign the Agreement and Guaranty.

13. Pursuant to the Agreement, Escort Management granted U.S. Bank a security interest in the Truck. *See* Exhibit 1 ¶ 3.

14. Pursuant to the Agreement, Escort Management agreed to make sixty (60) consecutive monthly payments of $1,497.48. *See* Exhibit 1.

15. Escort Management defaulted under the Agreement by failing to make all payments when due.

16. Abdiel Munoz failed to make payment as required pursuant to the Guaranty.

17. Failure to make timely payments is an Event of Default under the Agreement and Guaranty. *See* Exhibit 1 ¶ 6 and Exhibit 2.

18. As a result of Escort Management's and Munoz's failure to make payment under either the Agreement or the Guaranty, U.S. Bank has suffered actual damages equal to the balance due under the Agreement which is $80,000.84, discounted to present value.

19. U.S. Bank is also entitled to prejudgment interest at the rate of twelve percent (12%) per annum, late fees, return of the Equipment, repossession costs for the Equipment, and attorneys' fees and costs.  *See* Exhibit 1, ¶ 6.

20. The Agreement and Guaranty are governed by the laws of the State of Minnesota. *See* Exhibit 1 ¶ 12.

**COUNT I - BREACH OF CONTRACT**
**<u>AGAINST ESCORT REAL ESTATE AND MANAGEMENT CO.</u>**

21. U.S. Bank repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. U.S. Bank has fully performed its obligations under the Agreement by paying the Supplier of the Truck.

23. Escort Management breached the Agreement by failing to make all payments when due. Escort also breached the Agreement by transferring the Truck to another trucking company which is not a party to the Agreement.

24. To the extent the Court concludes that Munoz did not execute the Agreement on behalf of Escort Management, Escort Management ratified the Agreement by accepting the benefit of the Agreement in that it received and used the Truck and further ratified the Agreement by making some monthly payments in the amounts set forth on the face of the Agreement.  Furthermore, on numerous occasions after Escort Management's default, Davis admitted to U.S. Bank that Escort Management is indebted to U.S. Bank.  Due to Escort Management's ratification of the Agreement, it should be bound by terms of the Agreement as if it had executed the same.

25. As a proximate result of Escort Management's breach of the Agreement, U.S. Bank has suffered actual damages of $80,000.84, plus prejudgment interest at the rate of twelve precent 12% per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL ASSOCIATION respectfully requests that this Court entered Judgment in its favor and against ESCORT REAL ESTATE AND MANAGEMENT CO. in the amount of $80,000.84, prejudgment interest at the rate of twelve percent (12%) per annum from the date of default until entry of judgment, attorneys' fees and costs, and grant such other and further relief which this Court deems just.

## COUNT II - BREACH OF GUARANTY
## AGAINST ABDIEL MUNOZ a/k/a ALEX MUNOZ

26. U.S. Bank repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Abdiel Munoz defaulted under his Guaranty by failing and refusing to make payment when due.

28. As a proximate result of Munoz's breach of his Guaranty, U.S. Bank has suffered actual damages of $80,000.84, plus prejudgment interest at the rate of twelve percent (12%) per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL ASSOCIATION respectfully requests that this Court entered Judgment in its favor and against ABDIEL MUNOZ, individually, in the amount of $80,000.84, prejudgment interest at the rate of twelve percent (12%) per annum from the date of default until entry of judgment, attorneys' fees and costs, and grant such other and further relief which this Court deems just.

## COUNT III – REPLEVIN
## AGAINST ESCORT REAL ESTATE AND MANAGEMENT CO.

29. U.S. Bank repeats and realleges Paragraphs 1 through 28 as though fully set forth herein.

30. This claim is brought pursuant to Fla. Stat. § 78.01 to recover the Truck made applicable to this proceeding pursuant to 28 U.S.C. § 1652 as the Truck is located in Florida.

31. In the alternative, U.S. Bank's Verified Complaint, U.S. Bank brings this claim under Minnesota law, pursuant to Minn. Stat. Ann § 548.04, to the extent this Court decides Minnesota law applies.

32. The fair market value of the Truck is approximately $60,0000.00, depending on its condition.

33. Per the Agreement, U.S. Bank has a security interest in the Truck. U.S. Bank has conducted a title search on the Truck.  Based on the title search, the Truck remains in the name of the Supplier. To the best of U.S. Bank's knowledge, that Truck does not have a lien listed on the title.

34. Pursuant to the Agreement, upon a default, U.S. Bank is entitled to possession of the Truck.

35. U.S. Bank has been unable to secure the Truck by peaceful means.

36. Escort Management is wrongfully and unlawfully detaining the Truck.

37. U.S. Bank has made demand upon Escort Management for the return of the Truck, but Escort Management has failed or refused to return same.

38. U.S. Bank will suffer irreparable damages if the Truck is not returned to U.S. Bank, because Escort Management has been unable to pay the amounts owed to U.S. Bank, such that U.S. Bank's only recovery is likely to be from a sale of the Truck.

39. The Truck has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of such plaintiff, or against him or her individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such plaintiff.

40. Upon information and belief, the Truck is located at 4600 Touchton Road East, Building 100, Suite 150, Jacksonville, Florida 32246.

41. U.S. Bank's right to possession of the Truck is superior to the rights of Escort Management.

6

42. Accordingly, U.S. Bank is entitled to an order and/or writ directing the United States Marshal or other lawful authority to use all necessary force to recover the Truck or any portion thereof from 4600 Touchton Road East, Building 100, Suite 150, Jacksonville, Florida 32246, or any other location where same may be found.  If the Truck is not repossessed, a judgment for damages against Escort Management for the value of the Truck not so returned, plus interest and any attorneys' fees and costs authorized by law, as well as all other and further relief which this Court deems just.

WHEREFORE, U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL ASSOCIATION, respectfully requests that this Court enter: 1) a final judgment directing the United States Marshal and/or Sheriff, or other lawful authority to use all necessary force, and break any locks, to recover the Truck or any portion thereof from 4600 Touchton Road East, Building 100, Suite 150, Jacksonville, Florida 32246, or any other location where the Truck may be found; and 2) if the Truck is not recovered, a judgment for damages against ESCORT REAL ESTATE AND MANAGEMENT CO. for the value of the Truck, plus interest and any attorneys' fees and costs authorized by law, as well as all other and further relief which this Court deems just.

### COUNT V – ORDER COMPELLING TURNOVER
### AGAINST ESCORT REAL ESTATE AND MANAGEMENT CO.
### AND SARAI DAVIS a/k/a SARAI MOREJON

43. U.S. Bank repeats and realleges Paragraphs 1 through 42 as though fully set forth herein.

44. The Agreement provides that U.S. Bank may use all remedies available to it under the Uniform Commercial Code ("UCC"), including delivering the Truck to U.S. Bank upon default. *See* Exhibit 1, ¶ 6.  This Count is brought pursuant to Florida and Minnesota law, which are nearly identical.

45. U.S. Bank demanded return of the Truck, but Escort Management failed to return the same.

46. Fla. Stat. Ann. § 680.525 (West) provides:

    a. (1) If a lessor discovers the lessee to be insolvent, the lessor may refuse to deliver the goods.

    b. (2) After a default by the lessee under the lease contract of the type described in s. 680.523(1) or (3)(a) or, if agreed, after other default by the lessee, the lessor has the right to take possession of the goods. If the lease contract so provides, the lessor may require the lessee to assemble the goods and make them available to the lessor at a place to be designated by the lessor which is reasonably convenient to both parties. Without removal, the lessor may render unusable any goods employed in trade or business and may dispose of goods on the lessee's premises (s. 680.527).

    c. (3) The lessor may proceed under subsection (2) without judicial process if it can be done without breach of the peace, or the lessor may proceed by action.

*See also* Minn. Stat. Ann. § 336.2A-525 (West).

47. Fla. Stat. Ann. § 679.609 (West) further provides:

    679.609   Secured party's right to take possession after default.

    (1)   After default, a secured party:
        (a) May take possession of the collateral; and
        (b) Without removal, may render equipment unusable and dispose of collateral on a debtor's premises under s. 679.610.

    (2)   A secured party may proceed under subsection (1):
        (a)   Pursuant to judicial process; or
        (b)   Without judicial process, if it proceeds without breach of the peace.

    (3)   If so agreed, and in any event after default, a secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties.

*See also* Minn. Stat. Ann. § 336.9-609 (West).

48. Under the Agreements, Escort Management is required to deliver the Truck to U.S. Bank.

49. The Truck is in Escort Management's and Davis' possession and control. Davis, by virtue of being the President of Escort Management, controls Escort Management's conduct, including

Escort Management's ability to surrender the Truck.

50. Because Escort Management and Davis have failed to return the Truck, U.S. Bank is entitled to an order compelling Escort Management and Davis to return the Truck to U.S. Bank.

51. U.S. Bank is willing to accept the Truck at a location selected solely by U.S. Bank, which is reasonably convenient to both U.S. Bank, Escort Management and Davis.

WHEREFORE, U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL ASSOCIATION, respectfully requests a final judgment compelling ESCORT REAL ESTATE AND MANAGEMENT CO. and SARAI DAVIS a/k/a SARAI MOREJON to make available the Truck to U.S. Bank at a time and place directed solely by U.S. Bank within ten (10) days, as well as all other and further relief which this Court deems just.

## COUNT VI – PROMISSORY ESTOPPEL
## AGAINST ESCORT REAL ESTATE AND MANAGEMENT CO.

52. U.S. Bank repeats and realleges Paragraphs 1 through 51 as though fully set forth herein. Count VI is alleged in the alternative to the extent the Court deems the Agreement is unenforceable.

53. Should the Court determine the Contracts were forged, the Contracts are enforceable under the doctrine of promissory estoppel.

54. By providing a signed Agreement to U.S. Bank, Escort Management, through Davis, represented to U.S. Bank the Agreement was validly executed by Escort Management, intending to induce U.S. Bank to countersign the Agreement and to fund the Supplier.

55. U.S. Bank detrimentally relied on Escort Management's representation that the Agreement was fully executed by funding the Supplier and paying for the Truck.

56. U.S. Bank had authority to rely on the representation the Agreement was fully executed, as the representation came from Escort Management's corporate officer.

57. Because of the representation the Agreement was fully executed, U.S. Bank justifiably relied on the representation that the Agreement was fully executed by funding the Supplier and paying for the Truck.

58. Escort Management not only reasonably expected to, but intentionally, induced U.S. Bank to act based on Escort Management's representation that the Agreement was fully executed.

59. Therefore, the injustice to U.S. Bank can only be avoided by enforcement of the Agreement.

60. Escort Management's actions have caused U.S. Bank to suffer actual damages in the amount of the unpaid balance under the Agreement in the amount of $80,000.84.

WHEREFORE, U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL ASSOCIATION, respectfully requests that this Court enter judgment in its favor and against ESCORT REAL ESTATE AND MANAGEMENT CO. in the amount of $80,000.84, prejudgment interest at the rate of twelve percent (12%) per annum from the date of default until entry of judgment, attorneys' fees and costs, and grant such other and further relief which this Court deems just.

**ALTERNATIVELY COUNT VII – UNJUST ENRICHMENT
AGAINST ESCORT REAL ESTATE AND MANAGEMENT CO.**

61. U.S. Bank repeats and realleges Paragraphs 1 through 60 as though fully set forth herein. Count VII is alleged in the alternative to the extent the Court deems the Contracts are forged or otherwise unenforceable.

62. U.S. Bank conferred a benefit on Escort Management through its financing of the Equipment. Escort Management has wrongfully retained possession of the Equipment.

63. Escort Management either requested the benefit or knowingly and voluntarily accepted the benefit conferred by U.S. Bank.

64. Escort Management voluntarily accepted and retained the benefit of acquiring the Equipment.

65. Under these circumstances, it would be inequitable for Escort Management to retain the benefit without paying the value thereof to U.S. Bank.

WHEREFORE, U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL ASSOCIATION, LLC respectfully requests that this Court enter judgment in its favor and against ESCORT REAL ESTATE AND MANAGEMENT CO., in the amount of $80,000.84, prejudgment interest at the rate of twelve percent (12%) per annum. From the date of default until entry of judgment, attorneys' fees and costs, and grant such other and further relief which this Court deems just.

## ALTERNATIVELY, COUNT VIII – FRAUD
## AGAINST SARAI DAVIS a/k/a SARAI MOREJON

66. U.S. Bank repeats and realleges Paragraphs 1 through 65 as though fully set forth herein. Count VIII is alleged in the alternative to the extent the Court deems the Contracts are forged.

67. Davis provided U.S. Bank with Contracts, implicitly representing them to U.S. Bank to be properly executed by Escort Management. The signatory on the Contracts, Munoz, claims he did not sign the Contracts and did not authorize Davis to sign the Contracts on his behalf.

68. Davis made a false statement of material fact to U.S. Bank by stating that Munoz executed the Contracts.

69. Providing fully executed Contracts to U.S. Bank knowing that the Contracts had been forged constitutes a fraudulent statement.

70. Davis knew the statement was false because Munoz did not execute the Contracts.

71. Davis intended for U.S. Bank to rely on the false statement and believe the Contracts were fully executed to induce U.S. Bank into preforming under the Agreement and financing the Equipment.

72. U.S. Bank justifiably relied on the false statement made by Davis by funding the Supplier and paying for the Truck.

73. Due to Davis' false statement, U.S. Bank is entitled to damages for the unpaid balance under the Agreement in the amount of $80,000.84

74. U.S. Bank is further entitled to punitive and or special damages as a result of Davis' false statement.

WHEREFORE, U.S. BANK EQUIPMENT FINANCE, A DIVISION OF U.S. BANK NATIONAL ASSOCIATION, respectfully requests that this Court enter judgment in its favor and against SARAI DAVIS a/k/a SARAI MOREJON, as well as all other and further relief which this Court deems just.

Dated: August 29, 2022

Respectfully submitted,

THE LAW OFFICES OF RONALD S. CANTER, LLC

*/s/ Ronald S. Canter*
Ronald S. Canter, Esq.
Bar # 335045
200A Monroe Street, Suite 104
Rockville, Maryland 20850-4424
301.424.7490 (telephone) | 301.424.7470 (facsimile)
rcanter@roncanterllc.com (email)

*Local address:*
400 S. Dixie Hwy #332
Boca Raton, Florida 33432

**Counsel for Plaintiff,**
**U.S. Bank Equipment Finance, a division of**
**U.S. Bank National Association**

## VERIFICATION

I declare under penalty of perjury that the statements set forth in the Verified Complaint are true and correct, except as to the matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

Executed on:   8/8/2022

Shawna M Thooft
Loss Mitigation Specialist
U.S. Bank Equipment Finance, a division of
U.S. Bank National Association